## Case No. 16,298.

UNITED STATES v SIX IRON BOXES, etc.

[See Case No. 16,465a.]

---

## Case No. 16,299.

UNITED STATES v. SIX LOTS OF GROUND.

[1 Woods, 234.] [1]

Circuit Court, D. Louisiana. April Term, 1872.

EVIDENCE — CONFIDENTIAL COMMUNICATIONS — WRITS OF ERROR—CLERICAL MISTAKE—DECREE OF CONFISCATION—EFFECT OF PARDON—CONDITIONAL AMNESTY.

1. The correspondence between a district attorney, representing the United States, and the attorney general, is confidential in its nature and cannot be cited by third persons.

2. If in the copy of a writ of error, lodged with the clerk of the court for the defendant in error, the return day of the writ is correctly stated, and the record be actually returned and filed in due time, a mere clerical error in the return day, in the original writ, is immaterial and is cured.

3. A district court of the United States cannot, three years after rendering a decree in a confiscation case, si* as a court of error upon its own decree and reverse it.

4. It is a general rule, that a judicial sale made by virtue of a judgment which the court had jurisdiction to render will stand, though the judgment itself be afterwards reversed for error.

5. Pardon and amnesty do not annul past transactions so far as to invalidate a previous judicial confiscation and sale of a claimant's property.

6. A pardon containing a condition, that the person to whom it was granted should not claim any of his property or the proceeds thereof, that had been sold by the order, judgment or decree of a court, under the confiscation laws of the United States, is a bar to his claim.

7. A pardon may be partial or subject to conditions, but the conditions must be lawful ones.

[Error to the district court of the United States for the district of Louisiana.]

At chambers.

J. R. Beckmith, U. S. Atty.

T. J. Semmes and Robert Mott, for claimant.

---

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

BRADLEY, Circuit Justice. This is a writ sued out by the United States to reverse a judgment of the district court, rendered June 27, 1868, dismissing the libel of information, and restoring to the claimant the property seized, which had been sold under a decree of confiscation rendered in the case in April, 1865.

A preliminary motion is made to dismiss the writ of error. This must be denied: (1) The first ground assigned is, that the district attorney had been instructed by the attorney general to dismiss it. This, if proved, is no reason for dismissing the writ. The district attorney represents the United States, and the correspondence between him and the attorney general is confidential in its nature and cannot be cited by third persons. But I see no proof of the fact. (2) The second ground is, that a writ of error does not lie in the case. This has been settled to the contrary by the supreme court. (3) The third ground is, that the writ of error, being sued out in July, 1868, was made returnable on the first Monday of December then next; whereas, the next term of the court was to commence on the first Monday of November, and the citation was returnable generally to the next term. The error in the writ seems to have originated from using a blank printed writ intended for removing judgments to the supreme court, and is evidently a mere clerical oversight. A recent statute authorizes an amendment of the test and return of writs of error, and would probably authorize the amendment of this. But the copy of the writ, lodged with the clerk of the district court for the defendant in error, is correct, having the return day on the first Monday of November; and the record was actually returned and filed in this court before the first Monday in November. I think, therefore, that the defect is immaterial, and is cured.

The error relied on by the government for a reversal of the judgment is this: that a regular default was made in the case, and entered on the 8th of September, 1863, and a decree of confiscation made, upon due proof, on the 5th of April, 1865; and that, upon this decree, a venditioni exponas issued on the 11th of April, 1865, under which the marshal regularly sold the property at auction on the 13th of June, 1865, and one Edward W. Burbank became the purchaser; and that the marshal executed a deed to said Burbank for the property; that the claimant did not apply to have the judgment opened and the sale set aside until March 4, 1868, nearly three years after the rendition of the judgment; that, nevertheless, the default was opened and the claimant was allowed to file a claim and answer on the 15th of April, 1868; and that, upon his pleading a pardon granted in October, 1865, and the proclamation of amnesty of September 7, 1867, and showing that he had taken the requisite oaths and performed the conditions required by the pardon and amnesty, the district court adjudged that the

libel of information be dismissed, and the libelled property restored to the claimant upon the payment of all costs.

It is contended, on behalf of the government, that this last proceeding, in 1868, is entirely erroneous and without authority.

The counsel for the defendant in error attaches some importance to the fact that the decree of confiscation had, by consent, been partially opened before and set aside as to one of the lots seized. This took place before the sale by the marshal, on the application of a man by the name of Blum, who showed that he had long before purchased that lot from claimant. But I do not regard this transaction as having the slightest effect on the decree further than as it related to the lot claimed by Blum. The opening of the decree and the dismissal of the libel were expressly confined to that particular lot; and the decree remained in full force with regard to all the residue of the property. And I do not perceive any error in the proceedings up to and including the decree of condemnation and sale. And, if there had been error, I do not think that the district court, three years after the rendering of the decree, could sit as a court of error upon its own decree, and reverse it.

But the court has done more. It has not only reversed its decree, but has made a decree to restore the property to the claimant after its sale under and by virtue of the decree. It is a general rule that a judicial sale, made by virtue of a judgment which the court had jurisdiction to render, will stand though the judgment itself be afterwards reversed for error. In my judgment the district court had no general authority, as at common law, thus to set aside its judgment regularly rendered and the judicial sale made by virtue thereof. If it had authority so to do, it must have been derived from the particular circumstances of the case as affected by the pardon and amnesty pleaded by the defendant.

Do such pardon and amnesty annul past transactions so far as to invalidate the previous judicial confiscation and sale of the claimant's property? Such a proposition seems to me utterly untenable on general principles. And, besides, the pardon itself, which was pleaded in this case, contained an express condition that the defendant should not claim any property or proceeds of any property that had been sold by the order, judgment or decree of a court under the confiscation laws of the United States. This condition is a bar to the defendant's claim. It has been repeatedly held that a pardon may be partial, or subject to conditions. Of course the condition must be a lawful one. As far as I can see, the condition in question is entirely free from any taint of illegality. Whether it would have been binding on the defendant if he could have shown that the confiscation proceedings were illegal and void, it is not necessary to decide. They were legal and valid when they were taken.

The order of the district court opening the default and the decree dismissing the information and restoring to the defendant in error for the property sold, must be reversed [case unreported], and the original decree of confiscation and the proceedings thereon must stand confirmed.