## BURBANK *v.* SEMMES.

A marshal's deed which includes, with certain lands legally sold under the confiscation act of July 17, 1862 (12 Stat. 589), a parcel not mentioned either in the information, the monition,.or the decree of condemnation, under which the sale was made, passes no title to such parcel.

ERROR to the Supreme Court of the State of Louisiana.

This was an action brought in the Fourth District Court of the Parish of New Orleans by Thomas J. Semmes, against Edward W. Burbank, for the recovery of one-half of lot No. 15, fronting on Edward Street, in the city of New Orleans, in the Square bounded by Annunciation, Benjamin, St. Thomas, and Edward Streets.

Semmes prayed that he be adjudged the lawful owner of the lot, and entitled to the possession thereof.

Burbank claimed title as the purchaser under a *venditioni exponas*, directed to the marshal of the United States for the then Eastern District of Louisiana, issued by the District Court for that district in *United States* v. *Six Lots of Ground*, property of Thomas J. Semmes. The suit was brought under the act of Congress of July 17, 1862, 12 Stat. 589. The marshal conveyed the lot to Burbank, by deed bearing date June 15, 1865. Semmes was the owner of several lots in that square; and by the decree of condemnation rendered in that suit his title in and to lots 14, 16, 17, and part of 18 was divested. Neither in the libel, the monition, the decree of condemnation, nor the writ, was lot 15 mentioned.

A judgment was rendered for the plaintiff, which was affirmed by the Supreme Court of the State, and Burbank then sued out this writ of error.

*Mr. Thomas J. Durant* for the plaintiff in error.
*Mr. Thomas J. Semmes, contra.*

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Seizure of the estate, property, money, stocks, credits, and effects of certain persons engaged in rebellion was authorized to be made by the act of Congress to suppress insurrection,

and it was made the duty of the President to apply the proceeds of the same when condemned to the support of the army. 12 Stat. 590.

Proceedings *in rem*, on the 7th of August, 1863, were instituted in the District Court for the Eastern District of Louisiana, under the said confiscation act, against six certain lots of land, as the real property of the original plaintiff in the present suit, which resulted, on the 5th of April, 1865, in a decree of that court condemning the property described in the information. On the 11th of the same month a writ of *venditioni exponas* was issued, commanding the marshal to sell the property on the day named in the writ; but the marshal did not sell the same on that day, for the want of bidders. Unable to comply with the order in that respect, he withdrew the property from sale, and gave a new notice, as directed by the prior order of the court.

Two lots of land were embraced in the information and in the decree of condemnation, which in fact were not the property of the present plaintiff. Both of those lots belonged to an innocent third person, and the true owner of the same in the mean time, to wit, on the 2d of May in the same year, filed a petition in the same court setting up his right to the two lots, and stating that they were improperly advertised for sale by the marshal, and prayed the court to open the decree to enable him to assert his title. Consent in writing to that effect having been given by the district attorney, the court granted the prayer of the petitioner, and opened the decree for the purpose of enabling the intervenor to submit his claim to those two lots, as shown by the evidence. Pursuant thereto, the court, on the 31st of May in the same year, rendered judgment restoring those two lots to the intervenor, as claimed in his petition. Due correction of the decree of condemnation having been made, the return of the marshal shows that he sold the residue of the lots described in the information, pursuant to the second advertisement, for the amount specified in the record, and that he paid the money into the registry of the court.

Subsequent application was made by the present plaintiff to set aside the default against him, and for leave to file his claim

and answer. Leave to that effect was granted; and due notice to the purchaser of the lots having been given, he appeared and filed exceptions to the proceedings. Both parties were heard; and the court overruled the exceptions of the purchaser, set aside the default of the defendant, and finally rendered judgment dismissing the information, and restored the property to the original owner.

Proper steps were taken in behalf of the United States to remove the cause into the Circuit Court, where the judgment of the District Court was in all things reversed and judgment rendered, that the original judgment rendered by the District Court should stand and remain in full force and effect, and that the sale made by the marshal do stand confirmed, which decree of the Circuit Court was subsequently affirmed in this court. *Semmes* v. *United States*, 91 U. S. 21; *United States* v. *Six Lots of Ground*, 1 Woods, 234.

None of the foregoing proceedings are now controverted by either of the parties to the present controversy; but the plaintiff instituted the present suit in the Fourth District Court for the Parish of Orleans, in which he alleges that he is the sole owner and absolute proprietor of the lot of land described in the complaint as No. 15 on the plan therein referred to, and he avers that the defendant, on the 17th of June, 1865, unlawfully obtruded himself into and took possession of the said lot, with the buildings thereon, and has ever since withheld and now withholds possession of the same from the petitioner.

Service was made; and the defendant appeared and filed an answer, in which he admits that he is in possession of the premises, but alleges that he is the owner and possessor of the same in good faith, by virtue of an adjudication to him at the marshal's sale under the before-mentioned writ of *venditioni exponas*, and he makes *profert* of the marshal's deed to him of the premises as evidence of his title. Proofs were taken, hearing had, and the court of original jurisdiction entered a decree that the plaintiff is the lawful owner of the lot, with the improvements described in the complaint.

Conclusive proofs were introduced by the plaintiff showing that he was the lawful owner of the lot in question prior to the confiscation proceedings, and that he acquired the fee-

simple title to the same by exchanging part of lot 13 for the same with the former owner of the lot in question.

Beyond all doubt the title of plaintiff to the same is perfect, unless the lot was condemned and the title to the same conveyed to the defendant by virtue of the marshal's sale under the confiscation proceedings. Suffice it to say that the defendant claims title to the premises upon no other ground, and in respect to that the subordinate court remarked that neither in the information nor the monition, or the decree of condemnation, is there any reference whatever to the lot in question; or to the fractional part thereof purchased by the complainant, from which it follows to a demonstration that the property was never condemned as forfeited to the United States. Nor has the defendant any other evidence of title than what is exhibited in the deed of the marshal; and it is clear that inasmuch as the decree of condemnation did not apply to the lot in controversy, the marshal's sale of the same was utterly without warrant or authority of law, and that as against the plaintiff it can have no effect to change the ownership of the premises.

Application for new trial was made by the defendant, which was overruled, and he appealed to the Supreme Court of the State, where the parties were again heard, and the Supreme Court of the State affirmed the judgment of the subordinate court. Immediate steps were taken by the defendant to remove the cause into this court for re-examination.

Of the errors assigned three only need be noticed, as the others are deemed immaterial: 1. That the court decided that the confiscation proceedings did not include the lot in question, upon insufficient grounds. 2. That the property was condemned as a whole, and not the particular lots of which it was composed. 3. That the owner, inasmuch as he did not point out the defect of description at the trial, is estopped to claim the property. *Semmes* v. *Burbank*, 28 La. Ann. 694.

Propositions of like character, it seems, were presented to the State Supreme Court, and it is difficult to see what better answer can be given to them than that found in the opinion of that court.

Half of lot 15 is the subject of the present controversy, which fronts on Edward Street in the Square bounded as described

in the petition. Title to the same is claimed by the defendant under the decree of confiscation and the sale by the marshal under the writ of *venditioni exponas*. He admits that the property belonged to the plaintiff prior to those proceedings, but contends that the title was conveyed to him by the marshal's deed. On the other hand, the plaintiff concedes that the confiscation proceedings were regular, but avers that the property in question was not embraced in those proceedings.

Six lots were described in the information, two of which, sometimes described as one, did not belong to the accused party, and were in the course of the proceedings restored to the true owner. By the decree of condemnation the title of the plaintiff, as the accused party, was divested of lots 14, 16, 17, and part of 18. Lot 15, which is the lot in question, was not mentioned either in the information, the monition, or the decree of condemnation. Nor did the *venditioni exponas* authorize the sale of any other property than that described in the information and decree of condemnation. Nothing, therefore, in the semblance of title is possessed by the defendant except the marshal's deed, and it is clear that the marshal could only make a valid title to the property described in the decree of condemnation, as that was all that became vested in the United States; and it is equally clear that he could not sell property not authorized by the writ placed in his hands for execution.

Viewed in the light of these suggestions, it is clear that the decision of the State Supreme Court rests upon sufficient and solid foundations, and that it deserves to be affirmed, for the reasons which the court gave for its conclusions. Nor is it correct to suppose that the property was condemned as a whole, as the proposition is refuted by the information, the monition, and the decree of condemnation. Specific lots being mentioned in the information and the monition, the accused party had no ground to suppose that any other portion of his real estate was embraced in the proceeding, and of course cannot be held to have acquiesced in its condemnation.

Certain other errors are assigned, but the court is of opinion that there is no error in the record.

*Judgment affirmed.*